[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 9, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-13152
Non-Argument Calendar

_____

D. C. Docket No. 00-00078-CR-T-26-B

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TIMOTHY ANTHONY DAVIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 9, 2009)

Before BIRCH , DUBINA and FAY, Circuit Judges.

PER CURIAM:

Timothy Davis, a federal prisoner convicted of crack cocaine offenses, appeals the district court's order reducing his sentence under 18 U.S.C. § 3582(c)(2). The court reduced Davis' sentence to the minimum of his guideline range under Amendment 706 but denied his request for a further reduction. Finding no abuse of discretion, we AFFIRM.

## I. BACKGROUND

In November 2000, Davis was sentenced to a total of 324 months of imprisonment for conspiring to distribute cocaine and/or cocaine base, attempted possession with intent to distribute cocaine, and possession of cocaine. Doc. 73 at 1-2. Based on his offense level of 36 and criminal history category of VI, his guideline range was 324 to 360 months of imprisonment. Id. at 7. We affirmed his convictions and sentences in an unpublished opinion on direct appeal. United States v. Davis, 45 Fed. Appx. 883 (11th Cir. 2002) (per curiam).

In March 2008, Davis filed a pro se § 3582(c)(2) motion to reduce his sentence on grounds that he was eligible for a two-level reduction of his base offense level under retroactive amendments to the sentencing guidelines. R1-103 at 7. Davis requested that the court consider the guidelines advisory, however, and sentence him below the amended guideline range. Id. at 8. The district court appointed counsel, ordered a supplemental pre-sentence report from the probation

office, and instructed both parties to respond. R1-104 at 1-3. The government agreed with the supplemental report that Amendment 706 lowered Davis' base offense level to 34 but opposed any reduction below 262 months of imprisonment, the minimum term of his amended guideline range. R1-107 at 4. In response, Davis argued that the district court had discretion under United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), and Kimbrough v. United States, ___ U.S. ___, 128 S. Ct. 558 (2007), to treat the guidelines as advisory and sentence him below the amended guideline range based on his post-sentencing education, self-improvement, and good behavior. R1-108 at 15-18.

Based upon the pre-sentence report and the parties' responses, the district court reduced Davis' sentence to the minimum amended guideline sentence – 262 months of imprisonment. R1-109. In a separate order, the court rejected Davis' request for a further sentence reduction pursuant to Booker. R1-110. Nevertheless, the court stated that it was satisfied Davis' sentence reduction complied with all the factors listed in 18 U.S.C. § 3553(a) and that it would "in all likelihood impose the same sentence" even if Booker applied. Id. at 2 (quotation marks and citation omitted).

## II. DISCUSSION

We review de novo a district court's legal conclusions about the scope of its authority under § 3582(c)(2). See United States v. Moore, 541 F.3d 1323, 1326 (11th Cir. 2008). We review the denial of a § 3582 motion for abuse of discretion. See United States v. Moreno, 421 F.3d 1217, 1219 (11th Cir. 2005) (per curiam).

A district court has the authority to reduce a sentence based on a guideline imprisonment range that has subsequently been lowered by the Sentencing Commission. See 18 U.S.C. § 3582(c)(2). In evaluating a § 3582(c)(2) motion, the district court must engage in a two-step analysis. See United States v. Bravo, 203 F.3d 778, 780 (11th Cir. 2000). The court must first substitute the amended guideline range for the original guideline range, leaving intact all other original guideline application decisions. See id. Amendment 706, effective retroactively as of 3 March 2008, reduces the base offense levels for certain crack cocaine offenses by two levels. See Moore, 541 F.3d at 1325. In this case, the parties agree that Davis is eligible for a two-level reduction under Amendment 706 and that his amended sentencing range is 262 to 327 months of imprisonment based on an offense level of 34 and a criminal history category of VI. See U.S.S.G. Ch. 5, Pt. A.

After calculating the amended guideline range, the district court must next exercise its discretion to impose a newly calculated sentence or retain the original sentence. See Bravo, 203 F.3d at 781. In making this decision, the court is not authorized to conduct a full de novo re-sentencing. See id. Moreover, any reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). One such policy statement requires the district court to consider the factors listed in 18 U.S.C. § 3553(a)[1] and the danger a reduction would pose to any person or the community. See U.S.S.G. §1B1.10 comment. (n.1(B)(i)-(ii)). The court may also consider the defendant's post-sentencing conduct. See id. at comment. (n.1(B)(iii)). So long as the record demonstrates that the court considered the § 3553(a) factors, the court need not make specific findings as to each factor. See United States v. Eggersdorf, 126 F.3d 1318, 1322 (11th Cir. 1997).

Additionally, the Commission's policy statement bars reductions below the minimum of the amended guideline range except where the original term of imprisonment was less than the original guideline range. See U.S.S.G.

---

[1]The factors outlined in § 3553(a) include in part: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; (4) the need for adequate deterrence to criminal conduct; (5) the protection of the public from further crimes of the defendant; and (6) the need to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553(a).

§1B1.10(b)(2)(A)-(B); see also Bravo, 203 F.3d at 781. The reduced term of imprisonment cannot be less than the term which the defendant has already served. See U.S.S.G. §1B1.10(b)(2)(C).

In this case, the court correctly followed the two-step analysis required when assessing the appropriateness and amount of a § 3582(c)(2) sentence reduction. See Bravo, 203 F.3d at 781. No dispute exists as to the district court's recalculation of Davis' guideline range under Amendment 706 or its consideration of the § 3553(a) factors. What the parties disagree on is whether the district court, after properly exercising its discretion under § 3582(c)(2) to reduce Davis' sentence to the minimum of his amended guideline range, had the authority to grant a further reduction based on Booker's remedial holding that the guidelines are advisory. See Booker, 543 U.S. at 259, 125 S. Ct. at 764.

We have now resolved this issue and concluded that "Booker and Kimbrough do not apply to § 3582(c)(2) proceedings." United States v. Melvin, No. 08-13497, ___ F. 3d ___, 2009 WL 236053, at *1 (11th Cir. Feb. 3, 2009) (per curiam). Furthermore, we held in Melvin that "the district court is bound by the limitations on its discretion imposed by § 3582(c)(2) and the applicable policy statements by the Sentencing Commission." Id. at *1, *5 (concluding that the district court abused its discretion in reducing Melvin's sentences below the

amended guideline range).  Accordingly, because the district court lacked the authority to sentence Davis below the minimum of his amended guideline range, we find no abuse of discretion.  See id.

### III.  CONCLUSION

Davis contends that the district court erred in failing to grant his § 3582(c)(2) motion for a sentence reduction below his amended guideline range pursuant to Booker and Kimbrough.  The record establishes that the district court correctly calculated his new guideline range under Amendment 706 and considered the appropriate factors before imposing a sentence at the lowest end of the amended range.  The district court was not required or authorized to consider any further reduction.  Finding no error, we conclude the district court did not abuse its discretion in re-sentencing Davis and AFFIRM.